**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

|  |  |
|---|---|
| ByHeart, Inc., | Case No. 2:26-cv-00250-JCM-BNW |
| Petitioner, | |
| v. | **ORDER** |
| Dairy Farmers of America, Inc., | |
| Respondent. | |

Petitioner ByHeart filed a motion to compel compliance with a subpoena directed to an entity that, at the time, was a third party to the action. ECF No. 1. It also requested that the motion be heard on an emergency basis. *Id*. Respondent Dairy Farmers of America (DFA) opposed the request both on the ground that it should not be heard on an emergency basis and on the merits. ECF Nos. 5, 16. ByHeart replied. ECF Nos. 13, 26. DFA filed a sur-reply addressing the request to resolve the matter on an emergency basis. ECF No. 21.

The parties are familiar with the arguments. As a result, this Court does not repeat them here. Instead, it will simply incorporate them as relevant to this order.

**I.    ANALYSIS**

**A.  ByHeart's motion is not moot**

Rule 34(a) of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a request" for production of documents. Additionally, Rule 34(c) explains that, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things." Although the juxtaposition of these two provisions might be viewed as suggesting that Rule 34 is the sole mechanism for compelling the production of documents from another party (and that Rule 45 cannot be used for that purpose), Rule 45 does not expressly state that a subpoena may only be served on a nonparty—to the contrary, Rule 45(a)(1)(A)(iii) states that a subpoena may be directed to a "person." As a result, the majority view is that Rule 45 subpoenas can be served on both parties and nonparties. *See, e.g.*, *Marten v. Haire*, 329 F.R.D. 256, 259 (D.

Mont. 2018) ("There may be cases where a Rule 45 subpoena is an appropriate discovery tool when addressed to a party . . . ."); *Gaudin v. Remis*, No. 00-00765-SPK-LEK, 2007 WL 294130, at *3 (D. Haw. Jan. 9, 2007) ("[C]ourts and commentators have taken conflicting positions on the issue whether a party may serve a Federal Rule of Civil Procedure 45 subpoena on another party. . . . [T]he text of Rule 45 contains no limitation upon the persons who may be served; it refers to a 'person' who may be served, rather than a 'non-party.' In describing who may serve a subpoena, Rule 45(b)(1) refers to a 'person who is not a party.' The drafters could have used the same language to limit who may be served with a subpoena, but they chose not to do so . . . . This Court . . . [thus] concludes that a Rule 45 subpoena may be served on a party.") (cleaned up); *see generally* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 45, at 1349 (2022) ("The courts are split on whether a party may nonetheless serve a subpoena on another party as part of the discovery process. The majority view is that it is allowed.").

But even under the majority view, a Rule 45 subpoena "cannot be used to circumvent Rule 34 or the other discovery rules." *McCall v. State Farm Mut. Auto. Ins. Co*., No. 2:16-cv-01058-JAD-GWF, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017); *see generally Gensler, supra*, Rule 45, at 1349 ("However, the subpoena process cannot be used to circumvent party-discovery restrictions in the discovery rules."). Examples of circumvention include when a party "attempt[s] to use a Rule 45 subpoena to subvert the meet and confer requirements of [Rule] 37," *Marten*, 329 F.R.D. at 260; when a party uses a Rule 45 subpoena to circumvent a scheduling order, *Layman v. Junior Players Golf Acad., Inc*., 314 F.R.D. 379, 386 (D.S.C. 2016); and when a party uses the Rule 45 subpoena to require another party to respond to a request for production in a shorter time frame than the 30-day requirement in Rule 34, *Olmstead v. Fentress Cnty., Tennessee*, No. 2:16-cv-00046, 2018 WL 6198428, at *4 (M.D. Tenn. Nov. 28, 2018).

Here, when ByHeart issued a subpoenaed to DFA, DFA was not a party to the case. In addition, ByHeart met and conferred multiple times with DFA prior to issuing the subpoena and filing the instant motion. There is no evidence that ByHeart attempted to circumvent Rule 34. And DFA was able to—and did—object to the requests. It is true that now, as a party, DFA has the ability to seek relief in the court where the action is pending not available to it as a third

party—such as framing the discovery plan and scheduling order, moving to dismiss the action (which it appears it will do), and moving to stay discovery. Ultimately, as explained below, this Court will transfer the instant motion to the court where the action is pending, so that court will decide how best to proceed.

**B. Transfer is appropriate**

Although Rule 45(a)(2) requires that a Rule 45 subpoena issue from the court where the action is pending (i.e., the issuing court), Rule 45(d)(2)(B)(i) provides that motions to compel compliance with the subpoena must be heard by the district court encompassing the place where compliance is required (i.e., the compliance court). *See Venus Med. Inc. v. Skin Cancer & Cosm. Dermatology Ctr. PC*, No. 15-00062MC, 2016 WL 159952, at *2 (D. Ariz. Jan. 14, 2016). Accordingly, ByHeart properly filed the motion to compel in this District.

Nevertheless, under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." *Id*. The Advisory Committee notes provide the following explanation concerning the "exceptional circumstances" standard:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.*; *see also Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21-cv-1197-W-MMD, 2022 WL 2820667, at *5 (S.D. Cal. July 18, 2022) ("The primary purpose of resolving subpoena-related motions in nonparties' home district is to protect them from the burden of challenging a subpoena in a remote location.") (quotations and citations omitted); *Venus Med.*, 2016 WL 159952, at *2 ("[T]he court must balance the interest of local resolution against factors such as judicial economy and risk of inconsistent rulings."). "Ultimately, whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required." *Hall v.*

*Marriott Int'l Inc.*, No. 21-mc-80165-TSH, 2021 WL 3129598, at *1 (N.D. Cal. July 23, 2021). The compliance court's decision to transfer a motion to compel "may be made either on motion or sua sponte." *Gov't Emps. Health Ass'n v. Actelion Pharms., Ltd.*, No. 2:22-mc-37, 2022 WL 5414401, at *2 (S.D. Ohio Oct. 7, 2022).

### 1. Risk Of Disrupting Issuing Court's Case Management

In determining whether transfer under Rule 45(f) is appropriate, courts "consider[ ] a number of factors relating to the underlying litigation including the . . . complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *E4 Strategic Solutions, Inc. v. Pebble Ltd. P'ship*, No. SA MC 15-00022-DOC (DFMx), 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (internal quotations omitted).

This Court understands that all deadlines have been vacated in the Southern District of Texas as a result of a pending motion to transfer and centralize this and eighteen other matters with the Judicial Panel on Multidistrict Litigation. It would be premature for this Court to resolve discovery matters either before the court handling the MDL or the Southern District of Texas sets forth the appropriate discovery parameters. This is especially true given the fact that there is a finite amount of product retains—and that parties in both this and other cases (as well as the FDA) have different interests and needs regarding how to utilize and test this product. Determining whether the product should be produced—and if so, in what quantity, under what safeguards, and pursuant to what testing procedures—is best left to a court with the complete understanding of *all* competing positions. A ruling by this Court would not be an informed one (given this Court lacks the position of many parties interested in the subpoenaed items) and could certainly lead to inconsistent rulings. In short, acting at this juncture will disrupt and interfere with discovery issues that will be addressed either by the Southern District of Texas or the MDL court based on multiple considerations.

### 2. Burden on nonparty

This Court notes that, impliedly, DFA does not appear to oppose the transfer. Indeed, it makes clear that the Southern District of Texas or the court handling the MDL will be in a better

position to resolve the issues presented by this motion. As such, and for the reasons discussed in the preceding section, transfer outweighs DFA's interests in obtaining local resolution of the motion.

### C. Fees

This Court finds that ByHeart was substantially justified in filing this motion and requesting that it be heard on an emergency basis. Fed. R. Civ. P. 37(a)(5)(B). ByHeart plainly has an immediate need to begin preparing its defense and to obtain information that may assist in that effort. As a result, DFA's request for fees is denied.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that ByHeart's motion to compel is DENIED in part. This Court directs the Clerk to transfer this matter to the U.S. District Court for the Southern District of Texas.

DATED: March 2, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE